IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Marine Direct,                :

    Plaintiff,           :

  v.                          :         Case No. 2:06-cv-0100

Dougherty Marine, Inc. d/b/a  :         MAGISTRATE JUDGE KEMP
Everglades by Dougherty,
                               :

    Defendant.

OPINION AND ORDER

    This diversity action is before the Court on a motion for judgment on the pleadings filed by defendant, Dougherty Marine. This case has been referred to the Magistrate Judge for full disposition under 28 U.S.C. §636(c). The motion is fully briefed and ripe for consideration. For the following reasons, the motion for judgment on the pleadings will be denied.

I.

    Plaintiff, Marine Direct, filed suit against Dougherty Marine alleging, *inter alia*, breach of contract, promissory estoppel, unjust enrichment, fraud, and violations of the Ohio Revised Code. Marine Direct seeks compensatory and punitive damages. On November 14, 2006, Dougherty Marine filed a motion for judgment on the pleadings arguing that under Ohio's economic-loss rule,

> [t]he damages alleged by MARINE DIRECT in its fraud claim are based on R.J. Dougherty's failure to pay MARINE DIRECT 3% commission on all orders secured by MARINE DIRECT. These damages are based on the identically alleged obligation of R.J. DOUGHERTY to pay 3% commission as part of the contract between the parties. Because these damages arise as a result of one party's alleged failure to perform a duty created in contract, such damages are purely economic loss.

> Because the damages alleged by MARINE DIRECT for the tort of fraud are ceonomic losses arising from a duty in contract and not a duty extraneous to the contract, MARINE DIRECT is prevented from recovering such economic losses under the fraud cause of action as a matter of law.

(Motion for Judgment on the Pleadings at ¶¶7-8 (emphasis in original).)  In response, Marine Direct claims that fraud is an exception to the economic-loss rule.

II.

A motion for judgment on the pleadings attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss.  <u>Amersbach v. City of Cleveland</u>, 598 F.2d 1033, 1038 (6th Cir.1979).  In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.  <u>Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 479 F.2d 478, 480 (6th Cir.1973).  It is with these standards in mind that the motion for judgment on the pleadings must be decided.

III.

Generally, the economic-loss rule prevents recovery in tort of damages for purely economic loss.  <u>Corporex Dev. & Constr. Mgmt. Inc. v. Shook</u>, 106 Ohio St.3d 412, 414 (2005).  The rule was crafted as a balance between tort law, which was "designed to redress losses suffered by breach of duty imposed by law to protect societal interest, and contract law, which holds that 'parties to a commercial transaction should remain free to govern their own affairs.'" <u>Id.</u> (citing <u>Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.</u>, 42 Ohio St.3d 40, 42 (1989)).

However, Ohio recognizes some exceptions to the economic-loss rule.  For example, in <u>Haddon View Invest. Co. v. Coopers & Lybrand</u>, 70 Ohio St.2d 154 (1982), the Court held that an

accountant may be liable for purely economic damages based upon a theory of negligent misrepresentation, which is a tort.  The Ohio Supreme Court has been careful not to expand unduly such situations, noting that the Haddon View decision allowed such recovery when there is a tort duty owed by the defendant, such as the duty not to commit accounting malpractice, that arises independently from any contractual relationship between the parties.  See Corporex Dev. & Constr. Mgmt., 106 Ohio St.3d at 415.

Here, the parties are in privity of contract, and there is no other relationship between them which would give rise to an independent duty for Dougherty Marine to pay commissions to Marine Direct.  If the claim which Dougherty Marine seeks to have dismissed were merely a tort claim for such commissions, it would indeed be barred under the economic-loss rule.  However, the Court construes the claim made by Marine Direct as based upon the doctrine of fraudulent inducement.

In Ohio, in order to prove fraudulent inducement, a plaintiff must prove (a) a representation, or where there is a duty to disclose, concealment of fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.  Gaines v. Preterm-Cleveland, Inc., 33 Ohio St.3d 54, 55 (1987).  In the instant case, the complaint states:

> In or about 2004, Dougherty promised and represented that Marine Direct would be Dougherty's exclusive manufacturer's representative in the Midwest and Northeast territories of the U.S.[] and that Marine Direct would receive a commission of 3% on all orders that Marine Direct secured for

> Dougherty boats within those territories.
>
> When Dougherty made those promises and representations, it had absoutely no intention to fully fulfill them: Dougherty malicious scheme was to steal Marine Direct's lucrative and well-established boat dealer network.
>
> Dougherty made its promises and representations with knowledge or utter disregard and recklessness about their falsity.
>
> Dougherty's promises and representations were material to the parties' transaction, and they were made with the malicious intent of misleading Marine Direct into relying upon them.
>
> Marine Direct was justified in relying upon Dougherty's promises and representations, and did, so rely to its detriment.

(Am. Complaint ¶¶51-55.)

Claims of fraudulent inducement appear to be sufficient to allow a party to recover purely economic loss. See, e.g., Onyx Environmental Services, LLC v. Maison, 407 F.Supp.2d 874, 879 (N.D. Ohio 2005); Miami Valley Paper, LLC v. Lebbing Engineering & Consulting GMBH, No. 1:05-CV-00702, 2006 WL 2924779, at *4 (S.D. Ohio Oct. 10, 2006)(unpublished)("However, as this Court previously held in its opinion in *Cincinnati Gas & Electric Company, et al. v. General Electric Company, et al.*, the economic loss rule does not preclude a claim of fraudulent inducement")(citation omitted). Indeed, in most cases where fraudulent inducement is claimed, the alleged losses are purely economic. See, e.g., North v. Wynn, 59 Ohio App.3d 65 (1st. Dist. 1988)(discussing claim for fraudulent inducement to purchase real property). In such a case, the plaintiff is seeking to recover damages apart from the mere loss of the bargain reached for a specified payment. Thus, the rule that "when the promisee's injury consists merely of the loss of his

bargain, no tort claim arises because the duty of the promisor to fulfill the term of the bargain arises only from the contract" is inapplicable, and the duty breached is one which is owed to the plaintiff "independently of the contract." Battista v. Lebanon Trotting Ass'n, 538 F.2d 111, 117 (6th Cir.1976). Although Marine Direct may not directly recover the unpaid commissions based upon a tort theory, if it can prove fraud in the inducement of the contract, it would be entitled to whatever amount of damages were proximately caused by that fraud, even if the damages were purely economic.

IV.

Based on the foregoing reasons, R.J. Dougherty's motion for partial judgment on the pleadings (doc. #17) is DENIED.


/s/ Terence P. Kemp
United States Magistrate Judge